# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re** <br><br> KERRINE DENISE POPPLETON, <br><br> **Debtor.** | **Bankruptcy Case No. 07-40282-JDP** |

_____

| | |
|---|---|
| JOHN HISAW, nka ESTATE OF JOHN HISAW with CHARLIE HISAW and MARY JO BELLINGHAUSEN, Co-Personal Representatives, <br><br> **Plaintiffs,** <br><br> vs. <br><br> KERRINE DENISE HISAW nka KERRINE DENISE POPPLETON, <br><br> **Defendant.** | **Adv. Proc. No. 07-8076** |

_____

## MEMORANDUM OF DECISION
_____

MEMORANDUM OF DECISION - 1

**Appearances:**

    A. Elizabeth Burr-Jones, BURR-JONES LAW OFFICE, Burley, Idaho, Attorney for Plaintiff.

    Kelly Arthur Anthon, ROBINSON & ASSOCIATES, Rupert, Idaho, Attorney for Defendants.

*Introduction*

Plaintiffs Charles Hisaw and Mary Jo Bellinghausen are the co-personal representatives of the Estate of John Hisaw. John Hisaw, now deceased, was the ex-spouse of Defendant, the chapter 7 [1] debtor Korrine Poppleton. Plaintiffs commenced this adversary proceeding on July 20, 2007, seeking a determination that certain debts owed by Defendant to John Hisaw pursuant to a decree of divorce are non-dischargeable pursuant to § 523(a)(15). Docket No. 1. Defendant moved to dismiss the complaint arguing that because Plaintiffs are not the spouse, former spouse, or child of Defendant, they do not have standing to assert a claim under § 523(a)(15). Docket No. 8.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

MEMORANDUM OF DECISION - 2

On December 10, 2007, the Court conducted a hearing on the motion, entertained the arguments of counsel, invited the parties to submit supplemental briefing, and took the issues under advisement. Both parties submitted briefs. Docket Nos. 12, 13. After due consideration of the record, the parties' arguments, and the applicable law, this Memorandum disposes of the motion.[2]

*Facts*

John Hisaw and Defendant were formerly married. A divorce decree was entered on August 26, 2005. Under its terms, Defendant was ordered to pay one-half of the payments owed on a debt secured by a second mortgage on the parties' real property. She did so until August 2006, when John Hisaw sold the property, and the balance due on the second mortgage was paid out of the proceeds of the sale. Defendant made no further payments to John Hisaw.

On October 22, 2006, John Hisaw was killed in an automobile

---

[2] To the extent required, this Memorandum sets forth the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052.

MEMORANDUM OF DECISION - 3

accident. On March 8, 2007, Plaintiffs were substituted for John Hisaw in the divorce action, and on March 16, 2007, Plaintiffs filed a motion in that action asking that Defendant be held in contempt for her failure to pay the balance due on her "half" of the second mortgage.

On April 19, 2007, Defendant filed a voluntary chapter 7 petition. Defendant listed the Estate of John Hisaw in her amended schedule F as an unsecured, nonpriority creditor in the amount of $14,857.90, which debt she listed as disputed. Plaintiffs responded to the bankruptcy filing by initiating this adversary proceeding.

*Discussion*

One important purpose of our bankruptcy system is to provide a fresh start to honest but unfortunate debtors. *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991). Discharge of indebtedness is one of the means adopted by Congress in the Code to achieve this goal. *Marrama v. Citizens Bank of Massachusetts*, __ U.S. __, 127 S.Ct. 1105, 1107 (2007). Notwithstanding this laudable goal, "statutory provisions governing nondischargeability reflect a congressional decision to exclude from the general policy of discharge

MEMORANDUM OF DECISION - 4

certain categories of debts . . ." *Grogan*, 498 U.S. at 287.

The list of exceptions to discharge are found in § 523(a). As part of the Bankruptcy Reform Act of 1994, Congress added an additional exception to the list of the debts not discharged in bankruptcy, § 523(a)(15). Generally, the new provision rendered debts incurred in the course of a divorce proceeding, or under the terms of a separation or property settlement agreement, nondischargeable. However, the new exception to discharge offered a debtor two so-called "affirmative defenses" to an action seeking to except such a debt from discharge. *See Abate v. Beach (In re Beach)*, 203 B.R. 676, 680 (Bankr. N.D. Ill. 1997). If the debtor did not have the ability to pay the debt from income or property not reasonably necessary for the debtor's maintenance or support, or if the benefits to debtor of discharging the debt outweighed the detriment to a spouse, former spouse, or child of the debtor, then the debt could be discharged. *Edwards v. Edwards (In re Edwards)*, 96.3 I.B.C.R. 105, 106 (Bankr. D. Idaho 1996).

With the enactment of the Bankruptcy Abuse Prevention and

MEMORANDUM OF DECISION - 5

Consumer Protection Act of 2005 ("BAPCPA"), Congress amended § 523(a)(15). Specifically, Congress deleted the affirmative defenses, or balancing test. But it also narrowed the scope of the debts covered by the exception to those owed "to a spouse, former spouse, or child of the debtor . . . ." 11 U.S.C. § 523(a)(15). As amended, the current version of the statute provides:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –
> . . . .
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit;

11 U.S.C. § 523(a)(15).

Several courts, including this one, have grappled with the question of whether a creditor other than the debtor's spouse, former spouse or child has standing to seek an exception to discharge under § 523(a)(15). *See, e.g., The Law Firm of Wendy R. Morgan v. LeRoy (In re Leroy)*, 251 B.R.

MEMORANDUM OF DECISION - 6

490 (Bankr. N.D. Ill. 2000); *Savage, Herndon & Turner v. Sanders (In re Sanders)*, 236 B.R. 107 (Bankr. S.D. Ga. 1999); *Stocks v. Calo (In re Calo)*, 97.3 I.B.C.R. 87, 88 (Bankr. D. Idaho 1997); *Brian M. Urban Co., L.P.A. v. Wenneman (In re Wenneman)*, 210 B.R. 115 (Bankr. N.D. Ohio 1997); *Woodruff, O'Hair & Posner, Inc. v. Smith (In re Smith)*, 205 B.R. 612 (Bankr. E.D. Cal. 1997); *Abate v. Beach (In re Beach)*, 203 B.R. 676 (Bankr. N.D. Ill. 1997); *Woloshin, Tenenbaum & Natalie, P.A. v. Harris (In re Harris)*, 203 B.R. 558 (Bankr. D. Del. 1996); *Zimmerman v. Soderlund (In re Soderlund)*, 197 B.R. 742 (Bankr. D. Mass. 1996); and *Barstow v. Finaly (In re Finaly)*, 190 B.R. 312 (Bankr. S.D. Ohio 1995). The bulk of these decisions involve attempts by attorneys to collect fees incurred during the representation of the debtor or the debtor's former spouse in divorce proceedings.

However, cases discussing an action by the probate estate of a former spouse under § 523(a)(15) are indeed rarae aves. The Court could locate only one such decision. *Estate of Donald Bryant v. Diane Bryant (In re Bryant)*, 260 B.R. 839 (Bankr. W.D. Ky 2001), was decided prior to BAPCPA. It involved Donald and Diane Bryant, who divorced, and in the

MEMORANDUM OF DECISION - 7

process, entered into a property settlement agreement. Diane agreed to pay Donald approximately $17,000 plus interest for his share of the marital estate. Diane defaulted on that obligation; Donald met an untimely death. Diane then filed for chapter 7 bankruptcy relief. Representatives of Donald's probate estate commenced an adversary proceeding seeking a determination that the debt owed to Donald by Diane, his former spouse, pursuant to the property settlement agreement was nondischargeable under § 523(a)(15).

The bankruptcy court undertook a thorough review of the relevant legislative history and case law. For example, the court cited the committee reports with respect to the scope of § 523(a)(15), in which Chairman Brooks explained:

> The exception applies only to debts incurred in a divorce or separation that are owed to a spouse or former spouse, and can be asserted only by the other party to the divorce or separation. If the debtor agrees to pay marital debts that were owed to third parties, those third parties do not have standing to assert this exception, since the obligations to them were incurred prior to the divorce or separation agreement. It is only the

MEMORANDUM OF DECISION - 8

> obligation owed to the spouse or former spouse-
> an obligation to hold the spouse or former spouse
> harmless-which is within the scope of this section.

140 Cong. Rec. H10752, H10770 (daily ed. Oct. 4, 1994); H.R. Rep. No. 835, 103rd Cong. 2d Sess. 55 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3364.

The bankruptcy court reasoned that while the legislative history clearly indicated that third parties to whom a marital debt is owed have no standing under § 523(a)(15), that history did not provide any guidance concerning whether an administrator or executor of the ex-spouse's estate has standing to pursue a § 523(a)(15) claim. Considering applicable state law, the bankruptcy court acknowledged that a personal representative of a decedent may pursue an action to enforce the terms of a property settlement agreement against the decedent's former spouse. Even so, the court noted, that does not necessarily mean that the probate estate has legal standing to seek an exception to discharge under § 523(a)(15). *In re Bryant*, 260 B.R. at 845.

Turning next to the case law, the bankruptcy court noted that the majority of courts that have considered the issue of standing in § 523(a)(15)

MEMORANDUM OF DECISION - 9

cases hold that only a spouse, former spouse or child of the debtor may file a complaint under that provision. The *Bryant* court found the majority line of cases to be "more well-reasoned" and followed their approach. *Id.* at 846. Accordingly, the *Bryant* court held that because the plaintiff represented the probate estate of the debtor's former spouse, and not the former spouse himself, it did not have standing to challenge discharge under § 523(a)(15). *Id.* at 848. In reaching this conclusion, the court explained:

> While Plaintiff may be the real party in interest pursuant to Federal Rule of Civil Procedure 17, the legislative history of § 523(a)(15) strongly suggests that only a living spouse, former spouse or child of the Debtor has standing to sue under § 523(a)(15). The whole purpose of this provision is to protect a former spouse or child from having to assume marital debts discharged by a Debtor in bankruptcy. Since the former spouse in this case is deceased, the Court has no interest in protecting his estate, as no detriment can occur to the deceased party if the debt is discharged.

*Id.*

Standing to pursue an exception to discharge under § 523(a)(15) is

MEMORANDUM OF DECISION - 10

prescribed by the Code, not state law. This Court is persuaded by the analysis set forth in *Bryant* and the majority line of cases holding that, under the Code, only a spouse, former spouse or child of the debtor may file a complaint under § 523(a)(15). Indeed, the result in *Bryant*, a 2001 decision, seems even more clear given the 2005 amendments to the Code made in BAPCPA, which expressly narrow of the scope of the protection of this statute to a debtor's "spouse, former spouse, or child . . . ." *See Loe, Warren, Rosenfield, Katcher, Gibbs, & Windsor, P.C. v. Brooks (In re Brooks)*, 371 B.R. 761, 767 (Bankr. N.D. Tex. 2007) ("To the extent the correctness of this limitation on the scope of section 523(a)(15) may have been doubted, the doubts were resolved by the changes made by BAPCPA.")

In this case, Plaintiffs represent the Estate of John Hisaw, not John Hisaw himself. While, under these facts, the exception to discharge would have spared John Hisaw the financial burden of assuming and paying more than his fair share of the parties' marital debts, there is no indication in the language of the Code or its legislative history that Congress considered it important that his heirs be protected. While state law may

MEMORANDUM OF DECISION - 11

grant the probate estate the legal right to collect a debt arising under the divorce decree, such an obligation is subject to discharge in Defendant's bankruptcy case.

## *Conclusion*

For the reasons set forth herein, Plaintiffs have failed to state a claim against Defendant upon which relief may be granted. Rule 7012, incorporating Fed. R. Civ. P. 12(b)(6). Defendant's Motion to Dismiss for lack of standing will be granted by separate order.[3]

Dated: February 11, 2008

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[3] Because Plaintiffs lack standing to pursue this action, the Court need not, and does not, express any opinion regarding Defendant's continuing obligation to make payments to John Hisaw under the divorce decree after the sale of real property and satisfaction of the mortgage from the proceeds.

MEMORANDUM OF DECISION - 12